*428 Curia, per
Colcock, J.
The practice of our courts, under the discount law, has been to admit of such defences as the present, even where there has been no eviction; and we have even allowed an action to be brought to recover the purchase money, while the purchaser remained in the undisturbed possession of the land.
The discount law was intended to avoid multiplicity of suits, and to save the expenses of unnecessary litigation, and it is a species of equity jurisdiction incorporated in the common law. It has been so considered, particularly in cases of this character. Yiewing the law in this light; I am in favor of the motion ; for what, I ask, is the damage sustained by the defendant, in consequence of the defective title ? It is the expense which'he has been at in perfecting it. What was the proper course of conduct to be pursued by him, when he found that the grant did not comprehend the whole of the land sold, as had been supposed? He should have informed the plaintiff of this,- and called on him to perfect the title, or he should have given up the bargain. He came to the knowledge of the fact by being put into the possession of the plaintiff’s titles. He could never have known it by any other means; and had the plaintiff not sold the land to him, he, himself, may have' made the discovery, and then he could have obtained a grant.
In the case of Scott vs. Woodsides, (a) decided in the *429 Court of Equity by Chancellor James, and carried to the Court of Appeals, (as I am informed, and there abandoned,) this doctrine was maintained ; and so in the case of Seary vs. Kirkpatrick, 1 Cooke Rep. 211 ; in which case a suit at law had been had on the covenant, and a verdict recovered against the defendant; he then applied for relief, and an injunction, and White, Justice, says: “If a man, under a belief that he has a good title to a tract of land, sells, and either conveys or stipulates to convey it, putting, at the same time, the vendee in possession, and he, discovering a better title in some other person, purchases it, with a view to prejudice the vendor, a Court of Equity will allow the purchase as made for the benefit of the vendor, and will relieve him from the obligation of his covenant, on his paying the money, with interest, which *430 the vendee has actually advanced in purchasing the preferable title.” Now, if the parties aie both fairly before the court, and the principle can be applied as well in this court as in the court of Equity, why put the party to the trouble and expense of going there? Why not consider it as an exception to a general rule, arising out of the peculiar circumstances of the case ? As we suffer the contract to be split into parts, and allow a fro rata compensation for that which is lost, it seems to follow, as a matter of course, that when the part lost is materially better or worse, that a proper allowance must be made, according to its value.— The doctrine of the English law, being wholly changed by our practice, we must adapt the principle to the cases as they vary ; when tin; contract is rescinded, there is no difficulty ; the damages are fixed, as in the case in the English *431 court; but where a partial loss is sustained, and the con-, tract not abandoned, the true measure of damages is the value of the part lost, or that which the vendee pays for it. There is nothing to be apprehended in applying the Equity rule in such a case as this, for the vendee is safe : and if not, he may have redress hereafter. The motion is granted.
JohNSon, J. concurred.

 Samuel Scott vs, Thomas Woodsides. In Equity, Richland, February, 1818. James, Ch. Complainant purchased from defendant a tract of land, for which, upon payment of a sum of money, he received the following written instrument: “ Received, July 12th, 1817, from Mr. Samuel Scott, $1717.50, in part payment for a tract of land, containing three hundred and thirty-eight acres, more or less, at $7 per acre, which, when paid, 1. will make the said Samuel Scott good, warranted titles to said land, it being the tract or plantation whet eon I now live.” The bill states that, upon a re-survey, there was a great deficiency in the number of acres mentioned in the above writing; that the sum paid was more than sufficient to pay for the number of acres actually contained in the tract, at the rate of seven dollars per acre; that complainant has applied to defendant to make him a good title, according to agreement; that he refuses, and complainant prays specific performance. Defendant answers, admitting the contract above set forth, and payment of the money mentioned *429 therein. He states that he purchased the land from Timothy Rives, as containing 338 acres : that it was surveyed by one Tucker, found by him to contain that quantity, andas such, defendant sold it to complainant ; that the portion of the tract in which is the alleged deficiency, was a part of the purchase from Rives, and was always and generally considered to belong to this tract, which was known also to complainant; that complainant never gave him notice of the alleged deficiency, nor required him to perfect his title, until, as defendant believes, alter complainant had procured a grant for the same; that he is willing to make a good title when the balance is paid, and to perfect his title by obtaining a grant, if complainant will withdraw his, or otherwise, he is willing to defray all complainant’s expenses in procuring his grant.
The evidence for defendant proves that the vacant land, which was the part deficient, was always thought in the neighborhood to be a part of the tract sold. Upon a re-survey, the deficiency was found to be 138 acres, for which complainant has a grant, dated 4th August, 1817, subsequent to the date of the receipt above set forth, and no notice has been proved upon defendant of the above deficiency, nor requisition to perfect his title before the grant was obtained.
Although this case has been called a novel one, and is in fact so, yet we find in the books a quaint adage which is very applicable to it. In these, it is said, that a party calling for the aid of the court of equity for a specific performance, must come with clean hands, and if it appears that they are soiled by any act of unfairness, the court will reject his application. The present case may be fairly tested by this rule; defendant was an illiterate man, who cannot write, and therefore could not pry much into either surveys or titles to land. He sold complainant a tract containing a certain number of acres ; it was generally reputed to contain so many, and he himself *430 had purchased it for that quantity. There was no unfairness on his part. But complainant went upon the land with his surveyor, and found a part reputed to be defendant’s, to be vacant. What step ought complainant, then, as purchaser, to have taken % He ought immediately to have given him notice of the discovery he had made, that he might have gone and perfected his title by obtaining a grant, or he might have taken the grant himself, and offered defendant to comply with the agreement, upon his expenses being deducted. Had defendant refused, this court would have granted its aid. We have no cases from England similar to the present, as it would be difficult to find vacant land there; yet we have a very good one, in point, from Tennessee, where, until lately, a surveyor had never stretched a chain. It was decided in the Supreme Court of Errors and Appeals there, by Mr. Justice White, that “if a man, under the belief that he has a good title, sells land, and stipulates to convey, putting the vendee in possession, and ho, discovering a better title, purchases it with a view to prejudice the vendor, equity will view the purchase as made for the benefit of the vendor, through the agency of his vendee, and will relieve the vendor, on his paying the money arid interest which the vendee has advanced to purchase up the title. This court ought not to sanction the doctrine, that a purchaser is authorized to pry into and discover defects in his own title, with a view to purchase an outstanding claim in another, and thus consider himself as evicted, when he might have enjoyed the land but for his own conduct. Although complainant could not convey at the time stipulated, yet this court will relieve against time, when the party has sustained no injury, or where it can be compensatedand- the court decreed, that complainant should pay the expenses of procuring the grant, &c., and the defendant to be perpetually enjoined; Seareyvs. Kirkpatrick, 1 Cooke’s Rep. 211. This case is strong *431 in point throughout, as well as in the part I have cited; and as it was upon injunction, where defendant is looked upon in the more favorable light, until complainant has made a clear case, the present case is stronger against complainant here, for, as has been said, complainant must come with clean hands. The same principle was acted upon in a case in the Court of Appeals in Virginia, Hull vs. Cunningham's executors, 1 Mun. 330, where it is decided, that “if a purchaser do not, by eviction or otherwise, lose the land he expected to get, but make an entry for it as vacant, and obtain a patent, the measure of relief is compensation for his trouble and actual expenses in securing his title. Having elected to come into equity, he cannot have vindictive damages.” This case is also very similar in principle to the present, and was decided by a full bench unanimously. Wherefore, upon these authorities, and upon the ground that there must be no unfairness in the applicant for specific performance, I am of opinion that the measure of relief is compensation for his trouble and actual expenses in procuring the grant. It is therefore ordered, that defendant do make complainant a good title to the land sold, which was not vacant. That complainant keep his grant for that which he found vacant — that he pay the defendant the sum stipulated in his contract, except his expenses and what may be allowed for his trouble — that it be referred to the commissioner to examine and approve the title, and to ascertain what complainant shall be allowed to deduct as aforesaid; and that complainant do pay the costs.